IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LINENS HOLDING CO., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 08-10832 (CSS)<br>Jointly Administered |
| Charles M. Forman, Chapter 7 Trustee for<br>LINENS HOLDING CO., *et al.*,<br><br>Plaintiff,<br>vs.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | Adv. Proc. No. 11-51707 (CSS) |

## ANSWER AND ADDITIONAL DEFENSES OF UNITED PARCEL SERVICE, INC. TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS AND FOR OTHER RELIEF

Defendant United Parcel Service, Inc. ("UPS") answers the Complaint To Avoid And Recover Preferential Transfers And For Other Relief (the "Complaint") filed by plaintiff Charles M. Forman, Chapter 7 Trustee for the estate of Linens Holding Co., *et al.* (the "Plaintiff"), and responds to the allegations in the Complaint paragraph by paragraph as follows:

### NATURE OF COMPLAINT

1. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2. UPS admits the allegations in paragraph 2 of the Complaint.

3. UPS admits the allegations in paragraph 3 of the Complaint.

---

[1] The Debtors in these cases, along with the last four digits of the federal tax identification number for each of the Debtors, are Linens Holding Co. (2917), Linens 'n Things, Inc. (3939), Linens 'n Things Center, Inc. (0138), Bloomington, MN., L.T., Inc. (8498), Vendor Finance, LLC (5543), LNT, Inc. (4668), LNT Services, Inc. (2093), LNT Leasing II, LLC (4182), LNT West, Inc. (1975), LNT Virginia LLC (9453), LNT Merchandising Company LLC (2616), LNT Leasing III, LLC (3599) and Citadel LNT, LLC (2479).

4. UPS admits the allegations in paragraph 4 of the Complaint.

## THE PARTIES

5. UPS admits the allegations in paragraph 5 of the Complaint.

6. UPS admits the allegations in paragraph 6 of the Complaint.

7. UPS admits the allegations in paragraph 7 of the Complaint.

8. UPS admits the allegations in paragraph 8 of the Complaint.

9. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. UPS admits it is a legal entity that transacted business with one or more of the above-captioned debtors (the "Debtors") in the ordinary course of the Debtors' and UPS's business.

## THE DEBTORS' THIRD AMENDED PLAN

11. UPS admits the allegations in paragraph 11 of the Complaint.

12. UPS admits the allegations in paragraph 12 of the Complaint.

13. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint

14. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. UPS admits the allegations in paragraph 17 of the Complaint.

18. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

## CASS INFORMATION SYSTEMS PAYMENT PROCESSING

20. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

## GENERAL ALLEGATIONS

27. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

## COUNT I
### (Preferential Transfer Pursuant To 11 U.S.C. § 547(b))

29. In response to paragraph 29 of the Complaint, UPS realleges its prior responses.

30. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. UPS denies the allegations of paragraph 36.

37. In response to paragraph 37, UPS denies it is liable for the return of any payment to the Plaintiff.

## COUNT II
### (Recovery of Transfers Pursuant To 11 U.S.C. § 550)

38. In response to paragraph 38, UPS realleges its prior responses.

39. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. UPS lacks information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. UPS denies the allegations of paragraph 41.

## COUNT III
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

42. In response to paragraph 42, UPS realleges its prior responses.

43. UPS denies the allegations of paragraph 43.

44. UPS denies the allegations of paragraph 44.

45. In response to paragraph 45, UPS denies it is liable for payment or turnover of any amounts to the Plaintiff.

46. UPS denies the allegations of paragraph 46.

47. UPS denies the allegations of paragraph 47.

## PLAINTIFF'S PRAYER FOR RELIEF

UPS denies the allegations in the "Wherefore" paragraph that follows paragraph 47 of the Complaint and deny that Plaintiff is entitled to any relief whatsoever against the Defendant.

UPS denies each and every allegation in the Complaint not herein expressly admitted, denied, or neither admitted nor denied for lack of sufficient knowledge or information.

## ADDITIONAL DEFENSES

UPS alleges the following additional defenses:

### First Additional Defense – Contemporaneous Exchange For Value

UPS denies that it received any transfer from the Debtors that could be avoided as a preference under 11 U.S.C. § 547. Subject to, and without waiving its denial to having received any preferential transfer, to the extent that the Plaintiff is able to prove that a transfer was made to UPS during the preference period, any such transfer may not be avoided because, pursuant to 11 U.S.C. § 547(c)(1), any such transfer was a contemporaneous exchange for value.

### Second Additional Defense – Ordinary Course

The Transfers were made in the ordinary course of business within the meaning of 11 U.S.C. § 547(c)(2).

### Third Additional Defense – Subsequent New Value

After the Transfers were made, UPS provided new value to the Debtors within the meaning of 11 U.S.C. § 547(c)(4).

### Fourth Additional Defense – Laches

Plaintiff is barred by the doctrine of laches.

### Fifth Additional Defense – Estoppel

Plaintiff is barred by the doctrine of estoppel.

### Sixth Additional Defense – Unclean Hands

Plaintiff is barred by the doctrine of unclean hands.

### Seventh Additional Defense – Failure to State a Claim

The Complaint fails to state a claim for which relief can be granted.

### Eighth Additional Defense – Statute of Limitations

While maintaining that it is not legally liable, Defendant asserts that Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

### RESERVATION OF RIGHTS

UPS reserves the right to amend this Answer to assert such other defenses and/or claims as may become apparent through discovery, or otherwise, in this proceeding.

### RELIEF REQUESTED

WHEREFORE, UPS prays that this Court:

(a) deny Plaintiff any relief against UPS of any kind or character whatsoever;

(b) dismiss the Complaint as the same applies to UPS and with prejudice and render judgment in favor of UPS;

(c) award UPS the costs and expenses (including reasonable attorneys' fees) incurred by it in defending against the Complaint; and

(d) award UPS such other and further relief as this Court deems just and proper.

Dated: June 6, 2011

**MORRIS JAMES LLP**

_____
Stephen M. Miller (DE Bar No. 2610)
Eric J. Monzo (DE Bar No. 5214)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: smiller@morrisjames.com
Email: emonzo@morrisjames.com

-and-

Jonathan W. Jordan
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5128
Email: jjordan@kslaw.com

*Attorneys for United Parcel Service, Inc.*